THE STATE, WILLIAM R. MOORE, PROSECUTOR, v. FELIX S. S. JOHNSON AND WILLIAM E. JOHNSON, TRADING, &c.

Upon a *certiorari* directed to the Court of Common Pleas to review a judgment of that court, founded on an appeal from the Court for the Trial of Small Causes, only the errors of the latter court can be considered. Neither party, after the trial *de novo* has been had in the Court of Common Pleas, on the appeal, can allege, as a reason for a reversal of the judgment of that court, errors committed by the justice of the peace on the trial before him in the Court for the Trial of Small Causes.

On *certiorari.*

Argued at November Term, 1895, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *August Stephany & Son.*

For the defendants, *Oliver W. Payran.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The defendants in *certiorari* recovered a judgment against the prosecutor in the Court for the Trial of Small Causes, before John D. Carver, Esq., one of the

justices of the peace in and for the county of Atlantic, for the sum of $24.77 and costs.   The prosecutor took an appeal to the Court of Common Pleas, and upon a trial *de novo* in that court a recovery for the same sum was had, with costs below and costs in the Court of Common Pleas.   This judgment is now upon review in this court on *certiorari*.

The only objection to the validity of the judgment of the Court of Common Pleas, on appeal, is that the justice of the peace before whom the cause, in the Court for the Trial of Small Causes, was tried, and who gave judgment, was elected by the voters of Mullica township; that he resided in that township, and that in the cause in question he issued and made the summons against the prosecutor returnable in Atlantic City, in said county, and that he sat on the trial and gave judgment in Atlantic City.   The prosecutor challenged the right of the justice to issue the summons, make it returnable and sit and try the cause and render judgment in Atlantic City.   On the day of trial before the justice, after the evidence on the part of the plaintiff had been adduced, the prosecutor moved for a nonsuit on these grounds.   The motion was overruled and the prosecutor submitted his evidence on the part of the defence, after which judgment was rendered against him.

This objection to the jurisdiction of the justice of the peace was made on the trial of the appeal and overruled, after which the trial *de novo* was had on both sides.   Witnesses were sworn on both sides.   This objection to the justice of the peace holding his court and rendering judgment in Atlantic City furnished the only reason urged in this court for a reversal of the judgment rendered in the Court of Common Pleas upon the hearing of this *certiorari*.

The trial in the Common Pleas was entirely *de novo*.   Not only could the same witnesses be sworn and the same evidence be adduced, but the statute provides for the production of other witnesses and the submission of other evidence on the trial of the appeal.   *Gen. Stat.*, *p.* 1881, §§ 85, 86.

Therefore, it is not necessary to consider the only reason urged by the prosecutor for a reversal.

After the judgment against him in the Court for the Trial of Small Causes, the prosecutor could pursue his remedy by *certiorari* or take his appeal as he did. The justice had jurisdiction over the parties to and the subject-matter of the suit. The contention over which the challenge to his jurisdiction arose was that he made the summons returnable and heard the cause and rendered judgment at a place in his county where, by the constitution and the laws, he had no legal right to sit for such purposes. The law gave to the prosecutor, if his contention had legal warrant, a remedy by *certiorari.*

He chose rather to rely upon his appeal to the Court of Common Pleas, where the cause is tried anew and where the judgment of the justice, upon such trial, is always reversed and a new judgment entered according to the course of practice provided by the statute. The objection to the jurisdiction of the justice which was raised before him below could not be raised in the Common Pleas on the trial *de novo.* The cause was fully tried in the Court of Common Pleas, both sides submitting their evidence, and judgment was rendered against the prosecutor. In this trial, in the Common Pleas, no error is alleged or revealed by the record, and therefore the judgment must be affirmed, with costs.